## LUM WALKER v. THE STATE.

No. 9929.     Delivered February 24, 1926.

**Burglary—Evidence—Recent Possession—Of Stolen Property—Held, Sufficient.**

Where, on a trial for burglary, the recent possession of the stolen property is shown by appellant, this is sufficient to support the finding of the jury convicting him of the offense. See Branch's Ann. P. C. Sec. 2346 and cases there collated. Following Payne v. State, 21 Tex. Crim. App. 184.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

*Lee & Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of two years.

According to the State's evidence, a chicken house belonging to McDowell was burglarized and a number of chickens were taken therefrom. Soon after the commission of the offense, the chickens were found in the possession of the appellant.

There is no complaint by bill of exceptions of the charge of the court, nor of its rulings in the receipt of evidence.

The testimony is sufficient to prove the burglary, and the recent possession of stolen property by the appellant is sufficient to support the finding of the jury connecting him with the offense. See Branch's Ann. Tex. P. C., Sec. 2346, and numerous cases there collated; also Payne v. State, 21 Tex. Crim. App. 184.

The judgment is affirmed.

*Affirmed.*